McKay did not volunteer to Officer Wheeler that she had changed her mind, she evidenced her change of mind when Officer Wheeler continued to seek McKay's permission for consensual, warrantless chemical testing of her BAC when she ultimately cooperated and voluntarily submitted to chemical testing. Where, as here, the driver's BAC is objectively determined through consensual, warrantless chemical testing—even if the driver initially refuses the test—"[t]he purpose of the statutory scheme was fulfilled as the police collected admissible evidence regarding [the driver's] level of intoxication." *Id.* at 716. It is inconsistent for the driver to both (1) be tested, without refusing the chemical test requested by the officer and without a search warrant ordering the chemical test, and (2) have her license revoked for refusal to submit to a chemical test. "The Director may not have it both ways." *Id.*

In this case, the purpose of the statutory scheme was fulfilled—the police were able to obtain a voluntary sample of McKay's blood for BAC testing. Because Officer Wheeler did not obtain a search warrant, unlike *Bender*, McKay was not involuntarily complying with a court-ordered chemical test of her BAC. Instead, she voluntarily consented to the chemical test and the officer—who could choose whether to administer the test and rely on the results to revoke her license, or to let McKay's initial refusal stand as grounds to revoke her license—administered the chemical test and obtained a result. *Kimbrell*, 192 S.W.3d at 717.

The judgment of the trial court is affirmed.

ZEL M. FISCHER, Presiding Judge, and GARY D. WITT, Judge, concur.

Richard A. CARDEN, Appellant,

v.

The CITY OF ROLLA, et al., Respondents.

No. WD 74082.

Missouri Court of Appeals, Western District.

Aug. 7, 2012.

Rehearing Denied Oct. 2, 2012.

Richard A. Carden, Rolla, MO, Appellant, pro se.

Robert J. Krehbiel, St. Louis, MO, for Respondents City of Rolla and City of Rolla Police Department.

Before Division Three: VICTOR C. HOWARD, Presiding Judge, and KAREN KING MITCHELL and CYNTHIA L. MARTIN, Judges.

### Order

PER CURIAM:

This is an evidence case. The issue is whether the trial court erred in excluding certain evidence. Finding no abuse of discretion, we affirm. Rule 84.16(b).